JS-6
O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5861 PSG (Cwx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                             Not Present

**Proceedings:**     **(In Chambers) Order Dismissing the Case**

On September 8, 2008, Betty Thacker ("Plaintiff") filed this action, pursuant to 28 U.S.C. § 1332.  On December 15, 2009, the Court ordered the parties to show cause why the above captioned case should not be dismissed for lack of subject matter jurisdiction.  On January 5, 2009, Defendant Standard Insurance Company ("Defendant") filed a response to that Order to Show Cause ("OSC").  Then, on January 21, 2009, the Court erroneously discharged the OSC.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  For the reasons that follow, the Court finds that complete diversity does not exist in this case.

Complete diversity exists only if all plaintiffs have a different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).  In its response to the Court's OSC ("Response"), Defendant argues that complete diversity exists because Plaintiff is a citizen of California and Defendant, being incorporated under Oregon's laws and having its principal place of business in Oregon, is solely a citizen of Oregon.   However, such does not appear to be the case.

For the purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990).  Courts use one of two

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5861 PSG (Cwx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

tests to determine a corporation's principal place of business. *Id*. at 1092. Under the "place of operations" test, a corporation's principal place of business is the state which "contains a substantial predominance of corporate operations." *Id*. Under the "nerve center" test, the principal place of business is where the majority of the corporation's executive and administrative functions are performed. *Id*. at 1092-92. The Ninth Circuit has instructed that the "nerve center" test should be used only if no state contains a substantial predominance of the corporation's business activities. *Id*. at 1094. To determine whether a corporation's activities substantially predominate in one state, the Court looks to a number of factors, including the location of employees, tangible property, production activities, sources of income, and where sales take place. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Indus. Tectonics*, 912 F.2d at 1094).

According to Defendant, 70% of its employees are employed in Oregon. *Amamo Decl.* ¶ 7. By contrast, only 3% of its employees are in California. Thus, Defendant employs more of its workforce in Oregon than in any other state.

In addition, 99% of its real property and 90% of its personal property is located in Oregon. Again, Oregon leads.

Defendant's primary products are group and individual disability insurance; group life insurance; group dental insurance; group accidental death and dismemberment insurance; retirement plans; and annuities. According to Defendant, decisions regarding issuance of policies and pricing of insurance coverage are made by employees in Oregon. *Franklin Decl.* ¶ 11. By contrast, none of these functions are performed in California. *Id.* Similarly, the majority of insurance policies are drafted and generated in Oregon, while none are drafted and generated in California. Thus, Oregon is the location of the majority of Defendant's production.

Lastly, with respect to the final two *Tectonics* factors, as Defendant correctly points out, since the majority of its earned income comes from the sale of its products, the location where most of its income is earned and sales take place merge into a single factor. In this case, Defendant receives 13% of its premium income from California. The next largest percentage by state is Oregon, at 8.5%. The difference between the two is even more glaring when actual numbers are assigned to these figures. Defendant receives premiums from California totaling $502 million as compared to the $333 million it receives from Oregon, a difference of over $150 million. Therefore, California is the location of most of Defendant's sales and sources of income.

**JS-6**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5861 PSG (Cwx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

      Based on the foregoing, the Court finds that Defendant's principal place of business is in California. Under controlling precedent, a corporation is a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Industrial Tectonics*, 912 F.2d at 1094. In this case, Defendant's business primarily consists of providing insurance to its customers. Therefore, the area with the most visible activity and impact on the public will be the area where Defendant is selling the most insurance. As noted above, 13% of Defendant's sales come from California, which is more than one-and-a-half that which comes from Oregon. Accordingly, California is the state where Defendant "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Industrial Tectonics,* 912 F.2d at 1094. Thus, although most of the *Tectonics* factors tip in Oregon's favor, the nature of Defendant's business, combined with the amount of sales generated in California, supports a finding that Defendant's principal place of business is in California.

      As Defendant has failed to show that complete diversity exists and asserts no other basis for this Court's jurisdiction, the Court lacks subject matter jurisdiction over this action. For the foregoing reasons, this case is DISMISSED.

      **IT IS SO ORDERED.**