JS-5
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5861 PSG (CWx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order Finding Subject Matter Jurisdiction Exists**

I.  Background

On September 8, 2008, Betty Thacker ("Plaintiff") filed this action against Standard Insurance Company ("Defendant"), pursuant to 28 U.S.C. § 1332. On December 15, 2009, the Court ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Specifically, the Court noted in its Order to Show Cause that the jurisdiction averment by plaintiff regarding Defendant's principal place of business ("PPOB") was patently insufficient under *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

On January 5, 2009, Defendant filed a response to that Order to Show Cause. Ultimately, the Court found Defendant's response to be inadequate and, consequently, dismissed the case. Defendant appealed the order dismissing the case. Then, on July 7, 2009, the Ninth Circuit vacated that order, and remanded the matter for further consideration in light of *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009) (hereinafter "*Best Buy*").

II.  Discussion

For a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). There is no dispute that the amount in controversy requirement is met in this case. Rather, the only dispute is whether complete diversity exists.

JS-5
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5861 PSG (CWx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

It is well-established that complete diversity exists only if all plaintiffs have a different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). In its response to the Court's OSC ("Response"), Defendant argues that complete diversity exists because Plaintiff is a citizen of California and Defendant, being incorporated under Oregon's laws and having its PPOB in Oregon, is solely a citizen of Oregon. Previously, the Court found that Defendant's PPOB was in California. However, as explained in more detail below, in light of *Best Buy*, it appears that Defendant's PPOB is in Oregon.

For the purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and of the state where it has its PPOB. 28 U.S.C. § 1332(c)(1); *Tectonics*, 912 F.2d at 1092. Courts use one of two tests to determine a corporation's PPOB. *Id*. at 1092. Under the "place of operations" test, a corporation's PPOB is the state which "contains a substantial predominance of corporate operations." *Id*. Under the "nerve center" test, a corporation's PPOB is where the majority of its executive and administrative functions are performed. *Id*. at 1092-92. The Ninth Circuit has instructed that the "nerve center" test should be used only if no state contains a substantial predominance of the corporation's business activities. *Id*. at 1094. To determine whether a corporation's activities substantially predominate in one state, the Court looks to a number of factors, including the location of employees, tangible property, production activities, sources of income, and where sales take place. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (citing *Indus. Tectonics*, 912 F.2d at 1094).

Recently, the Ninth Circuit reexamined *Tectonics* and, in doing so, provided lower courts with clarity as to how they can properly determine that a corporation's activities substantially predominate in one state. In *Best Buy*, 557 F.3d 1026, the district court applied the place of operations test and concluded that California was Best Buy's PPOB because California had 15% more stores, 40% more employees, and 46% more sales than Texas, the second highest state. *Id.* at 1029. The Ninth Circuit, however, disagreed with the district court's conclusion, reasoning that while it was clear that California's operations predominated over its operations in other states, the court could not say with certainty that these operations "substantially" predominated over Best Buy's operations in other states. *Id.*

A comparative assessment of Best Buy's activities with Defendant's shows that, like Best Buy, Defendant's activities do not substantially predominate in California. In this case, the vast majority of Defendant's employees are employed in Oregon, as opposed to California. *See Amamo Decl.* ¶ 7 (noting that 70% of Defendant's employees are employed in Oregon while

JS-5
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5861 PSG (CWx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

only 3% of its employees are in California).  In addition, 99% of its real property and 90% of its personal property is located in Oregon.  Also, with respect to Defendant's production activities, Defendant's primary products are group and individual disability insurance; group life insurance; group dental insurance; group accidental death and dismemberment insurance; retirement plans; and annuities.  According to Defendant, decisions regarding issuance of policies and pricing of insurance coverage are made by employees in Oregon.  *Franklin Decl.* ¶ 11.  By contrast, none of these functions are performed in California.  *Id.*  Similarly, the majority of insurance policies are drafted and generated in Oregon, while none are drafted and generated in California.  Thus, Oregon is the location of the majority of Defendant's production activities.  Furthermore, as Defendant correctly points out, the only category in which California leads is the category that deals with where it derives its income and where its sales take place.  Defendant receives 13% of its premium income from California.  The next largest percentage by state is Oregon at 8.5%.

Nevertheless, in light of *Best Buy*, even though California leads in one of the *Tectonics* categories, that fact alone is insufficient to support a finding that California is Defendant's PPOB.  As noted above, in *Best Buy*, Best Buy's sales in California were 46% more than its sales any other state.  *Best Buy*, 557 F.3d at 1029.  California also led in two other categories.  Here, by contrast, Defendant's sales in California are 52% more than its sales in any other state.  However, it does not lead in any other category.  Thus, although Defendant's California-based activities are greater in one category than were Best Buy's activities in that same category, holistically speaking, Best Buy's activities in California were greater that Defendant's.  It follows, then, that if Best Buy's activities did not substantially predominate in California, neither do Defendant's.

Having determined that California is not Defendant's PPOB under the total activities test, it is clear that complete diversity exists.  Based on the record before it, it appears that in light of *Best Buy,* if Defendant's activities substantially predominate in any state, that state would be Oregon.  Additionally, even assuming the Court was to conclude that no state contains a substantial predominance of the Defendant's business activities, thereby necessitating a PPOB analysis under the nerve center test, the Court would still reach the same conclusion, for Defendant's headquarters are in Oregon.

Therefore, for the foregoing reasons, the Court finds that, in light of *Best Buy*, the parties have successfully established that subject matter jurisdiction exists in this action.

**JS-5**
**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5861 PSG (CWx) | Date | September 16, 2009 |
|---|---|---|---|
| Title | Betty Thacker v. Standard Insurance Company | | |

**IT IS SO ORDERED.**